# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHY LEE POOLE, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-304-JAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
|     *Defendant* | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal raises two issues: whether the administrative law judge should have found her urinary incontinence to be a severe impairment and whether the residual functional capacity ("RFC") found by the administrative law judge was supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff's date last insured for SSD benefits was December 31, 2008, Finding 2, Record at 9; that she suffered from degenerative disc disease/degenerative joint disease of the lumbar spine, an impairment that was severe but

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available in the Clerk's Office. Oral argument was held before me on June 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

which did not meet or medically equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 9-10; that she had the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand and/or walk for six hours in an eight-hour workday, to occasionally climb ramps and stairs, and balance, stoop, kneel, and crouch, but not to climb ropes, ladders, or scaffolds or to crawl, and that she must avoid slippery, uneven, or physically challenging terrain, and must have the opportunity to sit or stand at will, Finding 5, *id*. at 10; that she was unable to perform any past relevant work, Finding 6, *id*. at 14; that, given her age (45 on the alleged date of onset, and 50 on the date last insured), at least high school education, work experience, and RFC, use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could have performed before the date last insured, Findings 7-10, *id*.; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date last insured, Finding 11, *id*. at 16. The Decision Review Board selected the decision for review, but did not complete its review within the time allowed, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 5, 6 (1st Cir. 1982).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85-28).

**Discussion**

**A. Step 2**

The plaintiff contends that the administrative law judge erred in finding that her urinary incontinence was not a medically determinable impairment. Plaintiff's Statement of Errors ("Itemized Statement") (Docket No. 10) at 3. With respect to this claim, the administrative law judge said:

3

> Although the claimant alleges urinary incontinence, the undersigned notes that there has been no specific treatment sought for this condition and no diagnosis has been made. Therefore, the undersigned does not consider this alleged condition to be a medically determinable impairment.

Record at 10.

The burden is on the claimant at Step 2 to provide medical evidence of the existence and severity of an impairment. 20 C.F.R. 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); Social Security Ruling 85-28, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 393 (only medical evidence is considered at Step 2). Evidence of the existence of an impairment must come from an acceptable medical source. 20 C.F.R. § 404.1513(d). *See also* 20 C.F.R. § 404.1528(a).

Here, the plaintiff offers primarily her own testimony in support of her position. Itemized Statement at 4. That evidence has no bearing on the question of whether an impairment has been established. The plaintiff also offers two "specific reference[s] to incontinence on two separate dates in the medical records[.]" *Id.* However, in each case, the entry is a record of the plaintiff's own statements to the medical care provider under the heading "Reason(s) for visit," Record at 275 and 278, which does not meet the regulatory standard for medical evidence. *See generally Allaire v. Astrue*, Civil No. 08-375-P-H, 2009 WL 3336107, at *3-*4 (D. Me. Oct. 13, 2009).

Even if the plaintiff had established an error by the administrative law judge on this basis, the error would be harmless by the terms of the plaintiff's own itemized statement. As she noted, the vocational expert testified on cross-examination by her attorney that the personal care attendant job he had identified would still be available to the plaintiff "if Plaintiff experienced urinary incontinence on an hourly basis." Itemized Statement at 4-5; Record at 51-52. As this

4

court has said repeatedly in Social Security cases, the existence of a single job that the claimant was capable of performing is enough to support a denial of benefits. *Sprague v. Astrue*, No. 2:10-cv-150-DBH, 2011 WL 1253894, at *3 (D. Me. Mar. 30, 2011), and cases cited therein.

### B. Step 5

The plaintiff next challenges the administrative law judge's finding at Step 5, alleging that her impermissible bias against her is demonstrated by "a finding . . . that the claimant is not to be believed because she was receiving Workers' Compensation benefits which the ALJ found to be a disincentive to seeking employment," and by "the total discount by the ALJ of three **independent** medical examiner[]s hired by the Workers' Compensation system to examine Plaintiff." Itemized Statement at 5 (emphasis in original). This challenge mixes two separate issues: the administrative law judge's evaluation of the plaintiff's credibility and the sufficiency of the evidence to support her finding at Step 5.

With respect to the first issue, the administrative law judge wrote:

> The undersigned finds the claimant's allegations of pain to be in excess of the objective medical evidence, course of treatment including[] the reported pain relief following surgery; the lack of findings on examination; the effectiveness of pain medication; her activities of daily living; and the economic disincentive to seek employment, secondary to receiving workers' compensation benefits for several years, most recently $347.54 per week.

Record at 12. Thus, the administrative law judge listed several reasons in addition to the receipt of workers' compensation benefits for her finding that the plaintiff's allegations of pain were not entirely credible.

The administrative law judge in *Miller v. Astrue*, No. 2:10-cv-43-DBH, 2011 WL 135750, at *8 (D. Me. Jan. 13, 2011), another Social Security appeal in which the plaintiff's attorney raised the same issue, also gave reasons in addition to the receipt of workers'

5

compensation benefits, for his negative finding concerning that plaintiff's credibility. As was the case there, here "[t]he plaintiff does not address these other bases for a negative credibility finding." *Id*. And, the same result obtains here as well: "the administrative law judge's credibility assessment stands." *Id*.

With respect to the second issue, asserted at Step 5, the plaintiff suggests that the administrative law judge wrongly discounted the opinions of three physicians who examined her on behalf of the Workers' Compensation Commission, although she discusses only two opinions. Itemized Statement at 5-7. She first condemns the administrative law judge's discounting the report of Dr. Julius Ciembroniewicz as "specious" because it was based on the fact that his examination occurred five months after her date last insured. *Id*. at 5. She also asserts that her complaints to Dr. Ciembroniewicz "are consistent with [her] testimony at the hearing." *Id.*[2]

The administrative law judge said the following concerning Dr. Ciembroniewicz's report:

> Dr. J[.] Ciembroniewicz, neurosurgeon, opined in June 2009 that the claimant was unemployable at the present time based on a workers' compensation independent medical examination performed June 1, 2009[]. (Exhibit 13F) The undersigned notes that this opinion pertains to a time period after the claimant's date last insured, and[,] as a result, is not persuasive for the relevant period being considered. This opinion is not consistent with and supported by the treating records f[ro]m Dr[.] Pier and the overall evidence as discussed above. Again, the workers' compensation disability standard differs from the Social Security Administration disability standard and the ultimate issue of disability is reserved to the Commissioner of the Social Security Administration. Therefore, for these reasons, little weight is given to this opinion (Exhibit 13F).

Record at 13.

---

[2] The plaintiff also asserts that "the nature of [her] condition since the last surgery in 2006 and the support in the record of the complaints with her family physician agency, Sacopee Valley Health Center" make the administrative law judge's treatment of Dr. Ciembroniewicz's conclusions reversible error, but she offers no citation to the record that would allow the court to verify this statement. Itemized Statement at 5.

6

The administrative law judge correctly noted that Dr. Ciembroniewicz's opinions, after he examined the plaintiff on June 1, 2009, were all stated in terms of "the present time." *Id*. at 390, 393-94, 396, 400. She also noted several entries in the medical records indicating opinions that the plaintiff was capable of working, *id.* at 11-12, which are inconsistent with any retrospective use of Dr. Ciembroniewicz's opinion that the plaintiff was "totally unemployable" as of June 1, 2009. *Id*. at 400. The administrative law judge also correctly points out portions of the records of Dr. John Pier, the plaintiff's treating physician during the relevant period, that are inconsistent with Dr. Ciembroniewicz's opinion. While it would perhaps have been possible to weigh Dr. Ciembroniewicz's opinions differently, it is the role of the administrative law judge to resolve conflicts in the medical evidence, and that is what she has done, permissibly, in this instance.

The plaintiff next contends that the administrative law judge wrongly "discounted" the opinion of Dr. David Markellos dated June 13, 2007. Itemized Statement at 6-7. She relies on his statements that she was not then at a medical endpoint and might need a third back surgery, but that it would be unlikely to improve her back pain, and that she could not return to work in any capacity. *Id*. She does not explain why the administrative law judge's treatment of these opinions was fatally in error.

The administrative law judge said the following about Dr. Markellos's report:

> In June 2007, Dr[.] David Markellos, orthopedic surgeon, examined the claimant for a one-time workers' compensation independent medical examination. This physician opined the claimant is disabled; however, a review of this medical report, as well as the overall medical evidence, does not support this disability finding. Dr. Markellos indicated he did not have the opportunity to review Dr[.] Piers's records which reflect examination finding[s] consistent with Dr[.] Pier's opinion that the claimant is able to work with restrictions. It was also at this time that there was a reference to a third surgery which ultimately was decided against. The undersigned notes that the workers' compensation

7

> disability standard differs from the Social Security Administration
> disability standard and the ultimate issue of disability is reserved to the
> Commissioner of the Social Security Administration. Therefore, for the
> above reasons, little weight is given to this opinion (Exhibit 15F).

Record at 13.

Again, and particularly in the absence of any particularized argument by the plaintiff, the administrative law judge appears to me to have provided sufficient reasons and analysis of the medical evidence to support her treatment of Dr. Markellos' opinion that, as of June 13, 2007, the plaintiff was "not fit for light duty at least until there is a determination of whether further surgery is necessary." *Id*. at 419.

Finally, the plaintiff attacks the administrative law judge's reliance on the records and opinions of Dr. Pier. Itemized Statement at 7. She contends that the administrative law judge could not rely on statements by Dr. Pier in 2006 and 2007 to the effect that the plaintiff could return to work as a pharmacy technician because those notes do not also indicate that Dr. Pier had "released her to work," nor was either accompanied by an "M-1 indicating what restrictions and for how many hours he placed on Plaintiff's return to work." *Id.*

In the absence of any indication that Dr. Pier had told the plaintiff or others that she could not return to work at the relevant times, I see no need for him to "release her to work." Dr. Pier was the plaintiff's treating back surgeon, Record at 226-30, not a physician examining her on behalf of the workers' compensation system. In the absence of any explanation of why an "M-1" would have been necessary in order for the plaintiff to return to work in 2006 or 2007, and why and how this feature of state workers' compensation law applies in the context of federal Social Security law, I cannot credit this argument either. *See, e.g., Frost v. Barnhart*, No. 03-215-P-H, 2004 WL 1529286, at \*9 (D. Me. May 7, 2004), (statutory test for worker's compensation claim "wholly different" from that for Social Security), *aff'd* 121 Fed. Appx. 399, 400, 2005 WL

248161, at \*\*1 (1st Cir. Feb. 3, 2005); *Jones v. Barnhart*, 53 Fed.Appx. 45, 47, 2002 WL 31781148, at \*\*2 (10th Cir. Dec. 13, 2002) (same); *Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984) (same).

### Conclusion

For the foregoing reasons, and on the showing made, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge